IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-1141-KS

| | | |
|---|---|---|
| CHRISTOPHER DARIEN ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision of the Social Security Administration, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Christopher Darien Rose ("Plaintiff") filed this action seeking judicial review of the denial of his application for a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions, and the matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the court affirms the Commissioner's decision.

## STATEMENT OF THE CASE

Plaintiff applied for DIB on April 15, 2023, with an alleged onset date of December 8, 2020. (R. 17, 218–19.) The claim was denied initially and upon

---

[1] Frank Bisignano became Commissioner on May 7, 2025, and is therefore substituted as a party pursuant to Fed. R. Civ. P. 25(d).

reconsideration, and a request for hearing was filed. (R. 17, 112, 126, 146.) A telephonic hearing was held on August 22, 2024, before Administrative Law Judge ("ALJ") Christopher Willis, who issued an unfavorable ruling on October 23, 2024. (R. 14–69.) On November 5, 2024, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff initiated this action on December 24, 2024, seeking judicial review of the final administrative decision.

**DISCUSSION**

## I.     Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and

2

second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II.    Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981). "If the Commissioner meets [this]

3

burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015).

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). (R. 18.) As a preliminary matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (R. 19.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 8, 2020, the alleged onset date. (*Id.*) Next, the ALJ determined Plaintiff had severe impairments of degenerative disc disease, status-post surgery; obesity; diabetes mellitus; neuropathy; and migraines. (*Id.*)

At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 21.) The ALJ expressly considered Listings 1.15, 1.16, 1.18, 11.02, 11.08, and 11.14, as well as SSR 19– 2p in connection with Plaintiff' s obesity. (R. 21–24.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). [Plaintiff] can occasionally perform overhead reaching with the upper extremities and frequently reach in all other directions. [Plaintiff] can handle, finger, and feel frequently. [Plaintiff] can occasionally push, pull, and operate hand controls. [Plaintiff] can occasionally push, pull and operate foot controls with the lower extremities. [Plaintiff] can occasionally climb ramps, and stairs, but no climbing of ladders, ropes, or scaffolds. [Plaintiff] can occasionally

4

balance, stoop, kneel, crouch, and crawl. [Plaintiff] should avoid all exposure to workplace hazards, such as dangers with moving machinery and unprotected heights.

(R. 24.) In making this assessment, the ALJ stated he considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 404.1529 and SSR 16–3p and found Plaintiff's statements about his symptoms "not persuasive of disability based upon the medical and other evidence in the record." (R. 24–27.) At step four, the ALJ concluded Plaintiff has no past relevant work. (R. 29.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: addresser (DOT #209.587-010), telephone quotation clerk (DOT #237.367-046), and document preparer (DOT #249.587-018). (R. 29–30.) The ALJ concluded Plaintiff has not been disabled under the Act since December 8, 2020. (R. 30.)

## IV. Plaintiff's Arguments

Plaintiff argues the ALJ erred by failing to comply with Emergency Message 24027 REV ("EM 24027 REV") with respect to the jobs of addresser and document preparer. (Pl.'s Br. [DE #15] at 3–10.) Plaintiff contends remand is necessary because it is unclear whether the ALJ would have found evidence of work existing in significant numbers based solely on the remaining job of telephone quotation clerk, which has only 5,900 jobs nationally. (*Id.*)

5

The Commissioner argues that the ALJ properly relied on the vocational expert's testimony to find that Plaintiff could perform work which existed in significant numbers in the national economy. (Comm'r's Br. [DE #18] at 7–11.)

When applying the medical-vocational guidelines as a framework for determining disability under the Act, ALJs may no longer rely upon the Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), as reliable sources of occupational information as to certain specified occupations. Instead, as to these occupations, EM 24027 REV instructs that "a framework 'not disabled' determination or decision" must be supported by additional evidence from a vocational specialist ("VS") or vocational expert ("VE") that, as the job is currently performed, (1) its requirements are consistent with the claimant's RFC; and (2) it exists in the national economy in significant numbers, either alone or in combination with other jobs. EM 24027 REV (Jan. 6, 2025), https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM, https://perma.cc/U6C7-ZVDV (last visited Feb. 26, 2026). Additionally, "[t]he determination or decision must include or summarize the VS or VE's evidence that supports such a conclusion." *Id.* The jobs impacted by EM 24027 REV include addresser and document preparer. *Id.*

Here, the ALJ complied with EM 24027 REV. At the administrative hearing, the ALJ asked the VE whether the jobs identified by the VE are "currently performed in the economy in the way they're classified in the DOT" or whether those jobs have

6

changed such that they would be classified differently. (R. 61.) The VE testified that the addresser job may use a computer instead of a typewriter and the document preparer job is performed in the same manner as described in the DOT. (*Id.*) The VE further stated there are currently 1,700 addresser jobs and 14,000 document preparer jobs nationally. (R. 60.) The ALJ explained in the decision:

> The vocational expert . . . addressed the jobs and how they are currently performed in the economy versus how they are classified in the DOT. The vocational expert relied on training and experience for these issues, and noted these jobs are still unskilled/SVP 2 as they are generally performed and available in the economy in the numbers cited above. The undersigned finds the job numbers are significant.

(R. 30.)

The ALJ solicited testimony from the VE regarding how the jobs are currently performed, explained in his decision that the VE relied on training and experience in offering the testimony about the current performance of these jobs, and found that the jobs exist in the national economy in numbers that are significant. (R. 30; *see also* R. 61.) This is sufficient to comply with EM 24027 REV. Substantial evidence supports the ALJ's findings, and his decision denying benefits was reached through the application of the correct legal standards. Accordingly, the court affirms the decision of the Commissioner.

<u>CONCLUSION</u>

For the reasons stated above, the Commissioner's decision is AFFIRMED.

This 26th day of February 2026.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

7